James E. HOWARD, Jr., Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD, Respondent.

No. 03–3175.

United States Court of Appeals, Federal Circuit.

DECIDED: July 2, 2003.

Before MAYER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.

### ORDER

LOURIE, Circuit Judge.

We treat James E. Howard, Jr.'s resubmitted petition for review, originally received by this court on January 30, 2003, as a motion for leave to file an untimely petition for review.

Howard filed an appeal at the Merit Systems Protection Board regarding his placement on indefinite suspension by the United States Postal Service. The administrative judge dismissed his petition for review as untimely. Howard petitioned the Board for review, and the Board denied his petition on November 21, 2002. Howard's representative received a copy of the Board's order denying his petition for review on November 29, 2002. To be timely, Howard's petition had to be received by this court within 60 days of the date of receipt of the Board's order, or January 28, 2003. 5 U.S.C. § 7703(b)(1). The court received a copy of Howard's petition on January 30, 2003 and rejected the petition as untimely. Howard resubmitted his petition and indicated that he had transmitted his petition to this court on January 21, 2003 by facsimile.

We cannot accept the petition received by the court on January 30 as a timely filed petition because it was received by this court two days after the filing deadline. *Monzo v. Dept. of Transportation, Federal Aviation Admin.,* 735 F.2d 1335, 1336 (Fed.Cir.1984) (the filing period is "statutory, mandatory, [and] jurisdictional"). The court may not extend the statutorily imposed 60-day requirement. Fed. R.App. P. 26(b)(2). To the extent that Howard argues that we should accept the date he states he transmitted a facsimile petition as the filing date of his petition, we note that the methods of filing a document in a federal appellate court are governed by Fed. R.App. P. 25(a)(2)(A). That provision provides that "filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the court received the papers within the time fixed for filing." Fed. Cir. R. 25(b)(3) states that "[n]o document other than a motion, response to a motion, reply to a response, or letter may be filed or served by facsimile transmission." Thus, a petition transmitted by facsimile may not be accepted for filing and the facsimile transmission date cannot be treated as the date that this court received his petition.

Accordingly,

IT IS ORDERED THAT:

(1) Howard's motion is denied and his petition for review is dismissed as untimely.

(2) Each side shall bear its own costs.