**James E. HOWARD, Jr., Petitioner,**

v.

**UNITED STATES POSTAL SERVICES, Respondent.**

No. 04–3170.

United States Court of Appeals, Federal Circuit.

Oct. 6, 2004.

Before LOURIE, RADER, and GAJARSA, Circuit Judges.

PER CURIAM.

James Howard seeks review of the final decision of the Merit Systems Protection Board (Board) dismissing his claim of involuntary disability retirement because there was no reasonable accommodation available prior to his date of separation. *Howard v. United States Postal Serv.*, No. SE–0752–02–0355–1–1, 96 M.S.P.R. 116 (MSPB Dec. 29, 2003). Because substantial evidence supports the Board's decision, this court *affirms.*

## BACKGROUND

Mr. Howard worked for the United States Postal Service (USPS) as a blacksmith/welder. Prior to filing his disability retirement application, Mr. Howard was placed on enforced leave due to several factors including a fitness-for-duty examination (FFDE) conducted by an agency contract physician which indicated that Mr. Howard did not appear able to perform a number of the essential duties associated with a blacksmith. *Id.* at 6, 96 M.S.P.R. 116. Mr. Howard appealed this decision to the Board, which dismissed his appeal as untimely. On appeal, this court viewed Mr. Howard's petition for review as a motion for leave to file an untimely petition for review, which this court denied.[1] *Howard v. Merit Sys. Protection Bd.*, 73 Fed.Appx. 396, 397 (Fed.Cir.2003). Mr. Howard appeared before the USPS's District Reasonable Accommodation Committee (DRAC) and requested that he be given a helper to assist in performing his duties as a blacksmith/welder so that he could begin working again. DRAC later determined that Mr. Howard could not perform the duties of his position and his request for a helper was denied because such a position did not exist. *Id.* at 397.

In October 2001, Mr. Howard submitted a disability retirement application to the Office of Personnel Management (OPM). Mr. Howard based his application on his physical infirmities, including diabetes, congestive heart failure, lung disease, arthritis affecting his hips, knees, and ankles, and post-traumatic stress disorder. *Howard*, at 397. Mr. Howard submitted a statement of his condition from his private physician, who concluded that "[h]e has

1. Mr. Howard also argues that the Merit Systems Protection Board erred in declining to consider the propriety of the decision of the United States Postal Service to place Mr. Howard on enforced leave. Mr. Howard's contention is without merit. Mr. Howard advanced this argument to the Board in a separate appeal that was dismissed as untimely and is therefore not properly before this court.

attempted to work but has had great difficulty. His risk of complications of his health conditions is high if he continues to attempt to work. He should be considered completely disabled. His prognosis for returning to work is nil." *Id.* at 397. OPM subsequently approved Mr. Howard's application on March 1, 2002.

Mr. Howard appealed the decision granting disability retirement to the Board, alleging that his retirement was involuntary. *Id.* at 397. The Board thoroughly considered whether Mr. Howard could have been accommodated in his position or three alternative positions. *Id.* at 397. The Board found that there were no reasonable accommodations available at or below his grade level that would have enabled Mr. Howard to continue working at USPS. *Id.* at 397. Based on the evidence before the Board, it determined that Mr. Howard's retirement was voluntary because it was compelled by his medical problems, not agency action. *Id.* at 397. The Board's determination became final on November 21, 2002. Mr. Howard now appeals the Board's final determination to this court.

## DISCUSSION

This court must affirm any agency action, findings, or conclusions not found to be: (1) arbitrary or capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedure required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Hayes v. Dep't of Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

In essence, Mr. Howard argues that the Board's decision that his retirement was voluntary is not supported by substantial evidence. Specifically, Mr. Howard contends that the recommendation of the doctor who performed the FFDE should not have led management to conclude that he was unfit to be accommodated and that the Board failed to consider the circumstances showing that he was "forced into retirement."

A retirement is presumed voluntary. *Terban v. Dep't of Energy,* 216 F.3d 1021, 1024 (Fed.Cir.2000). In order to overcome this presumption, the employee "must show that there was an accommodation available on the date of his separation that would have allowed him to continue his employment, and that the agency did not provide him that accommodation." *Benavidez v. Dep't of Navy,* 241 F.3d 1370, 1375 (Fed.Cir.2001) (internal citation omitted).

Here, the Board considered the possible accommodations that Mr. Howard presented on appeal in view of the evidence presented, including opinions of his personal physician and the doctor who performed the FFDE. The FFDE physician concluded that Mr. Howard could do "no kneeling, no repeated bending or stooping, no climbing or ladder work, no prolonged standing or walking." *Howard,* at 397. The analysis of the Board confirmed that in light of Mr. Howard's inability to perform duties associated with the job descriptions presented that there were no available accommodations for him. *Id.* at 397. Further, the Board rejected Mr. Howard's assertion that he should be assigned a helper to perform his duties because USPS is not required to create a new position in order to accommodate a current employee. *Id.* at 397. *See e.g., Moon v. Dep't of Army,* 63 M.S.P.R. 412, 422 (1994). Lastly, the Board correctly pointed out that even if an accommodation that Mr. Howard identified was appropriate, he did not meet his burden of showing that any such position was vacant when his separation began. *Howard,* at 397.

These findings constitute substantial evidence in support of the Board's finding that Mr. Howard voluntarily retired. Accordingly, this court affirms.